UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT FAY,<br><br>*Plaintiff,*<br><br>- against -<br><br>THE TRUSTEES OF PRINCETON UNIVERSITY d/b/a THE PRINCETON UNIVERSITY ART MUSEUM,<br><br>*Defendant.* | ECF CASE<br><br>CIVIL ACTION NO. 20-CV-1496<br><br>**COMPLAINT** |

Plaintiff Vincent Fay ("Mr. Fay"), by his attorneys Olsoff | Cahill | Cossu LLP, as and for its Complaint against defendant The Trustees of Princeton University d/b/a The Princeton Art Museum ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Mr. Fay brings this action to enforce an agreement he entered into with Defendant, pursuant to which Defendant agreed to purchase 17 valuable works of art (the "Works") from Mr. Fay for approximately One Million Dollars. Defendant agreed to pay the purchase price in two installments and paid the first. The second was due in July 2018. Defendant failed to make that payment, citing purported "concerns" over the authenticity of seven of the objects, "rescinded" its agreement to purchase the Works and demanded that Mr. Fay return those amounts that he has already received. However, regardless of whether Defendant's "concerns"—none of which has been documented or supported by any named experts—are well-founded, the agreements, drafted by Defendant itself, only asked that Mr. Fay warrant that the Works were, to the best of his knowledge, authentic. As Defendant has provided no evidence that Mr. Fay has breached this warranty, it is obligated to complete payment for the Works notwithstanding its purported "concerns."

## PARTIES AND JURISDICTION

2. Mr. Fay is a citizen of the State of New York, residing in New York County.

3. On information and belief, Defendant is a non-profit corporation located in, and incorporated under, the laws of New Jersey.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 due to the diversity of the parties and because the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C § 1391 because a substantial part of the events giving rise to the claims occurred in the Southern District of New York.

## FACTS

6. Mr. Fay is a collector of fine and decorative art.

7. Beginning in the 1960's, Mr. Fay acquired numerous pieces of art outside the United States that later became valuable.

8. Many of the works owned by Mr. Fay have been included in important museum exhibitions, including at the Metropolitan Museum of Art, the Louvre Museum, the Museo del Barrio, Stanford University's Cantor Arts Center, the Museum of Fine Arts, Boston, the Museum of Art, Williams College, and other museums in Europe (including in France and Belgium).

9. On or about November 16, 2018, Mr. Fay entered into a contract (the "Contract") with Defendant in which he agreed to sell the 17 Works from his collection to Defendant for a total of Nine Hundred and Forty-Five Thousand dollars ($945,000).

10. The Contract provided that Defendant would make an initial payment to Mr. Fay of Four Hundred and Seventy Two Thousand Five Hundred Dollars ($472,500) in December 2018 (the "First Payment") and a second payment of Four Hundred and Seventy Two Thousand

Five Hundred Dollars ($472,500) "in the next fiscal year beginning July 1, 2019" (the "Second Payment").

11. On or about November 16, 2018, Mr. Fay and Defendant also entered into an additional agreement, ***drafted by Defendant***, entitled "Seller's Warranty" (the "Warranty").

12. With respect to the authenticity of the Works, the Warranty provided that the "Seller hereby certifies and warrants ***to the best of Seller's knowledge*** that the Works are authentic and are conveyed to Buyer free of all liens and encumbrances." (Emphasis added).

13. The Warranty did not provide for any warranties with respect to the authenticity of the Works other than as set forth above.

14. The Warranty entitled Defendant to rescind the sale of the Works solely in the event Mr. Fay breached any of the specific representations and warranties set forth in the Warranty.

15. In or about December 2018, Defendant made the First Payment to Mr. Fay.

16. Beginning in June 2019, Defendant began to express to Mr. Fay concerns with respect to the authenticity of certain of the Works.

17. In an email dated June 21, 2019, Defendant stated that it would not make the Second Payment until it was satisfied that the Works were authentic.

18. While expressing concern with respect to the authenticity of the Works, Defendant did not allege in this email that Mr. Fay had any knowledge of the alleged issues relating to the authenticity of the Works.

19. On or about October 9, 2019, Defendant informed Mr. Fay by letter that it was rescinding the sale of the Works based on "serious concerns regarding the authenticity, provenance and market value of the objects" (the "Rescission Letter").

20. In the Rescission Letter, Defendant demanded that Mr. Fay return the First Payment to Defendant and stated that it would not make the Second Payment.

21. In the Rescission Letter, Defendant did not allege that Mr. Fay had any knowledge of the alleged concerns over the authenticity of the Works.

22. Upon information and belief, the Works are authentic.

23. Upon information and belief, Defendant is not in possession of any evidence that indisputably establishes that any of the Works are not authentic.

24. Upon information and belief, Defendant does not itself believe that all of the Works are inauthentic.

25. Upon information and belief, Defendant is not in possession of any evidence that Mr. Fay had knowledge that any of the Works had authenticity concerns.

26. Defendant has failed to make the Second Payment and has demanded that Mr. Fay return the First Payment.

27. Mr. Fay has been damaged both by Defendant's refusal to make the Second Payment and demand for the return of the First Payment.

28. Mr. Fay's damages include the amount of the Second Payment, and related costs and expenses.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

29. Mr. Fay repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Mr. Fay and Defendant were parties to the Contract.

31. Mr. Fay and Defendant agreed to all terms of the Contract.

32. Mr. Fay performed all of his obligations under the Contract.

33. Pursuant to the terms of the Contract and the Warranty, Defendant was obligated to make the Second Payment unless the sale was subject to rescission pursuant to the terms of the Warranty.

34. Whatever concerns Defendant now purports to have with respect to the authenticity of certain of the Works, the sale is not subject to rescission as Defendant has offered no evidence that Mr. Fay was aware of any issues with respect to authenticity.

35. Mr. Fay has suffered damages in amount to be determined at trial, but in no event totaling less than Four Hundred and Seventy-Two Thousand Five Hundred Dollars ($472,500) due to Defendant's breach of the Contract.

**WHEREFORE**, Plaintiff demands judgment as follows:

a. Awarding Plaintiff compensatory damages in an amount to be determined at trial, but no less than Four Hundred and Seventy-Two Thousand Five Hundred Dollars ($472,500.00), plus interest;

b. Awarding Plaintiff the costs and disbursements of this action, including attorneys' fees; and

c. Awarding Plaintiff such other or further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: New York, New York
2020–February-20

**OLSOFF | CAHILL | COSSU LLP**

By: *s/ John R. Cahill*
John R. Cahill
Paul S. Cossu
1285 Avenue of the Americas
New York, New York 10019
jcahill@occllp.com

*Attorneys for Plaintiff Vincent Fay*